## DAVIS *vs*. EMERY.

Where a cow was taken from the plaintiff, under a contract that it was to remain the plaintiff's property until paid for by the person receiving it, at a stipulated price, a part of which had been paid—*Held*, that the plaintiff could not reclaim the cow of the holder without a previous demand, and a reasonable notice given to him to complete the payment of the purchase money.

TROVER, brought to recover a cow, property of the plaintiff, alleged to be of the value of fifty dollars, and a calf valued at

five dollars, converted by the defendant to his use. To maintain the issue on his part, the plaintiff introduced William Pickering, who testified that prior to the second of May, 1838, the cow in dispute was in possession of the plaintiff—that about that time she went into the possession of one Joseph H. Sawyer, but upon what contract he did not know—that about the last of July, 1839, he heard the plaintiff demand the cow of the defendant, in whose possession she then was, and that the defendant refused to deliver her until a sum which was due for her keeping was paid.

It appeared that the cow was delivered to Joseph H. Sawyer by the plaintiff, on the following contract, viz., that Sawyer was to take her, but the property in the cow was to remain in the plaintiff until she was paid for, and then she was to be the property of Sawyer.

It was proved that afterwards, on the 3d day of December, 1838, the plaintiff and Sawyer settled some accounts between them, and by means of a portion of his account against the plaintiff, and a note given to him on that occasion, Sawyer paid to the plaintiff ten dollars, for the use of the cow during the year 1838 ; and it was then agreed in writing, if Sawyer bought the cow, he was to pay thirty-five dollars and interest from May 2, 1838, from which sum the ten dollars was to be deducted.

On or about the 16th of January, 1839, Sawyer procured the cow to be kept at the defendant's barn, at seventy-five cents per week, and she was kept there by the defendant from that time until the demand and refusal aforesaid, about a week before which time she had a calf.

The court instructed the jury that Emery had no right under these circumstances to a lien on the cow for her keeping.

It did not appear that the plaintiff had called upon Sawyer for the cow, or had informed him of his intention to take her into his possession.

The jury returned a verdict for the plaintiff for thirty-three dollars, and it was agreed that judgment should be entered on

the verdict, or it should be set aside and judgment be rendered for the defendant, as the court should order on the foregoing case.

*L. D. Sawyer, & James Bell*, for the defendant, contended that Sawyer, to whom the property had been committed, with a right of purchase, and who had advanced a portion of the consideration money, was entitled to a demand and reasonable notice before the property could be reclaimed.

Also, that the defendant was entitled to a lien on the cow, as an agister for the keeping of cattle. *Story on Bailments* 287.

*Batchelder & Hale*, for the plaintiff, denied that Sawyer had a right to put the cow out of his custody, into the charge of the defendant, in such a manner as to give the defendant a lien upon it for its keeping ; and contended that the plaintiff might reclaim his property at any moment, free from delay or charges for any cause.

UPHAM, J. Sales of property are frequently made in the mode attempted in this case, and it is important that the respective rights of the parties to contracts of this description should be distinctly understood. Such contracts, where they are fairly entered into, and on reasonable terms, may afford a convenient means of purchase of property by those who are unable to advance at once its full value. But to make it a contract at all available for the benefit of the proposed purchaser, he must have important rights under it, as well as the owner of the property, and should have a liberal opportunity to complete any purchase contemplated by the parties.

By the terms of the contract in this instance betwixt the plaintiff and Sawyer, Sawyer was to take the cow, for the conversion of which this action is brought ; but it was to remain the property of the plaintiff until it was paid for at a stipulated sum ; ten dollars of which had been paid before the conversion complained of.

Davis *v.* Emery.

This contract was such on the one hand that the owner might lose all claim for the use of the property, in case no payment was made; and, on the other, if the bailee paid any considerable sum it would either ensure the sale of the property; or, if not, might give great profits for its use; while the property, until paid for, would belong entirely to the original owner.

While these advantages on the side of the plaintiff exist, the corresponding advantages on the part of the individual receiving the property should be fully asserted. We believe he has this advantage at least. He at once enters into possession of the property, with a view to a purchase, and with a right of purchase, at any time before it shall be reclaimed by its owner. He is not then a mere naked bailee of the property, but acquires such a right of possession that it can be divested from him only after demand, and a reasonable time is allowed to complete the contract, by a full payment of the original sum proposed, or of any balance which may be due.

Any arbitrary removal of the property, without such demand and a reasonable opportunity allowed for this purpose, would be a violation of the rights of the holder of such property. In this case no demand was made of Sawyer, and no reasonable opportunity was allowed, after the plaintiff elected to reclaim the property, for Sawyer, on notice of such election, to take the necessary measures to secure to himself the benefit of the contract, or to surrender the property.

Demand was made of the defendant, with whom the cow was placed by Sawyer to be kept; and, because immediate possession was not given, this action of trover was forthwith brought against him; and we hold that it is not sustainable under such circumstances.

The defendant claimed to retain the cow, on the ground that he had a lien upon her for her keeping. But it is unnecessary to determine this point, or how far the English doctrine as to agisters of cattle, if adopted here, be held to apply to cases of this kind. This is unnecessary, because the

reason assigned by the defendant for retaining the property becomes wholly immaterial until the plaintiff can show a right in himself to reclaim the property, which he cannot do until after a demand upon Sawyer, and a reasonable notice is given him to surrender the property or perfect his title; or, at least, until the defendant has had time to consult Sawyer and give him such reasonable notice. This not having been done the plaintiff is not entitled to the possession of the property. The verdict, therefore, must be set aside, and

*Judgment entered for the defendant.*